# DISTRICT COURT OF MARYLAND FOR

**LOCATED AT (COURT ADDRESS)**
120 E. CHESAPEAKE AVE.
TOWSON, MARYLAND

**CASE NO.** CV 4588-10

**COMPLAINT** ☐ $5,000 or under ☐ over $5,000 ☒ over $10,000
Clerk: Please docket this case in an action of ☐ contract ☒ tort ☐ replevin ☐ detinue ☐ bad faith insurance claim

The particulars of this case are:
PERSONAL & FINANCIAL INJURY DUE TO FALSE REPORT, LIBEL & SLANDER, ET CETERA

## PARTIES

**Plaintiff**
EDITH MARIE WATKINS
7422 ROCKRIDGE ROAD
PIKESVILLE, MARYLAND 21208

**VS.**

**Defendant(s):**

1. TRANSUNION, LLC
P.O. BOX 2000
CHESTER, PENNSYLVANIA 19022
Serve by: ☐ Certified Mail ☐ Private Process ☐ Constable ☐ Sheriff

2. TO SERVE ON RESIDENT AGENT @
TRANSUNION, LLC c/o
The Prentice-Hall Corporation-
2711 Centerville Road, Ste 400
Wilmington, Delaware 19808
Serve by: ☒ Certified Mail ☐ Private Process ☐ Constable ☐ Sheriff

3. Serve by: ☐ Certified Mail ☐ Private Process ☐ Constable ☐ Sheriff

4. Serve by: ☐ Certified Mail ☐ Private Process ☐ Constable ☐ Sheriff

(See Continuation Sheet)
☐ Legal
☐ Contractual _____ %

The Plaintiff claims:
☒ $ 25,000 plus interest of $- 0 and attorney's fees of $ 0 plus court costs.
☐ Return of the property and damages of $ _____ for its detention in an action of replevin.
☐ Return of the property, or its value, plus damages of $ _____ for its detention in action of detinue.
☒ Other: CORRECTION OF REPORTING ERRORS
and demands judgment for relief.

_Edith Marie Watkins_
Signature of Plaintiff/Attorney/Attorney Code

Telephone Number: 410 653-3949

## ATTORNEYS
For Plaintiff - Name, Address, Telephone Number & Code

## APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT

Attached hereto are the indicated documents which contain sufficient detail as to liability and damage to apprise the Defendant clearly of the claim against the Defendant, including the amount of any interest claimed.

☐ Property authenticated copy of any note, security agreement upon which claim is based ☐ Itemized statement of account ☐ Interest work
☐ Vouchers ☐ Check ☐ Other written document ☐ _____ ☐ Verified itemized repair bill or estimate

I HEREBY CERTIFY: That I am the ☐ Plaintiff ☐ _____ of the Plaintiff herein and am competent to testify to the matters stated in this complaint, which are made on my personal knowledge; that there is justly due and owing by the Defendant to the Plaintiff the sum set forth in the Complaint.

_ I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the above Complaint are true and I am competent to testify to these matters. ☐ The Defendant(s) ☐ is/are in the military service ☐ is/are not in the military service and the facts supporting this statement are: _____

☐ I am unable to determine whether or not any Defendant is in military service.

February 16, 2010
Date

_Edith Marie Watkins_
Signature of Affiant

DC/CV 1 (front) (Rev. 4/2008) Print Date (5/2008)

## NOTICE TO DEFENDANT BEFORE TRIAL

If you agree that you owe the amount claimed, it may not be necessary for you to come to Court. Contact the Plaintiff if you wish to make payment. If you are appearing in court on the trial date, bring letters, receipts, and contracts which may help you. If you need a witness, contact the Clerk's office about a summons to the witness.

## NOTICE IF JUDGMENT IS ENTERED

If the Court awards judgment in this case to the Plaintiff, you as the Judgment Debtor, may do several things before submitting payment to satisfy the judgment. One is to appeal the decision to the circuit court sitting in that District. This is what's involved in an APPEAL of a District Court judgment—

1. 30 DAYS—You would have 30 days from the day of an adverse judgment within which to note your appeal at the District Court and there pay the higher court's filing fee. If you qualify as indigent, you may at that time petition the District Court to waive the collection of this fee.
2. TRANSCRIPT COSTS—If the amount which you were sued was $5,000 or less (not counting interest or attorney's fees), the circuit court would hear your appeal as an entirely new case from start to finish. Therefore, no transcripts from the District Court trial would be necessary. If, however, this amount should exceed $5,000, the higher court would hear your appeal on the record of what transpired in the District Court. That appeal requires a transcript of the District Court trial record. For information and costs to obtain a transcript refer to the Transcripts and Recordings brochure DCA 27 available at the clerk's office.

**Another option** after an adverse judgment is to file a MOTION FOR A NEW TRIAL.
1. 10 DAYS—You have 10 days from day of judgment to do this.
2. GRANT/DENY—If the Court grants your motion, you will receive a summons to a new trial.

**The last options** are to file MOTIONS to change the JUDGMENT.
1. 10 DAYS for ALTERING or AMENDING the judgment.
2. 30 DAYS for REVISING the judgment.

If you would not want to move on any of these options, then you should make all possible arrangements with the Plaintiff or the Plaintiff's attorney to pay the judgment amount. Should you not do this, the Plaintiff could request the Court's enforcement powers. These enforcement procedures include —

1. INTERROGATORIES—This is an attempt to locate any assets you may have. This requires written answers.
2. ORAL EXAMINATION—Another attempt to locate any assets you may have. This requires your appearing in court to answer questions. The Court backs up these plaintiff attempts at discovery by bringing its contempt powers to bear on an unresponsive defendant. More stringent enforcements you should know about include—
3. WRIT OF EXECUTION—Such a writ could order the levying or seizure and sale of any of your goods. And you, in such a circumstance, would bear the expenses of the seizure (e.g. towing, moving, storage fees, auctioneer's fees, advertising costs). Some of your goods are, by their nature, exempt from such action—
   (a) Wearing apparel, books, tools, instruments, or appliances necessary for the practice of any trade or profession, except those kept for sale, lease, or barter, in an amount not to exceed $5,000 in value.
   (b) Money payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings. This exemption includes but is not limited to money payable on account of judgments, arbitrations, compromises, insurance benefits, compensation and relief. Disability income benefits are not exempt if the judgment is for necessities contracted for after the disability occurred.
   (c) Professionally prescribed health aids for you or any of your dependents.
   (d) Your interest, not to exceed $1,000 in value, in household goods, wearing apparel, appliances, books, animals kept as pets, and other items that are held primarily for personal family or household use by you or your dependents.
   (e) Cash or property of any kind equivalent in value to $6,000, if within 30 days from the date of the attachment or levy you elect to exempt cash or selected items of property in an amount not to exceed a cumulative value of $6,000.
4. GARNISHMENT OF PROPERTY—Such a writ, attaching certain assets of yours in the hands of someone else, would order that other party (e.g. bank holding your account, agent) to hold the asset subject to further court proceedings.
5. GARNISHMENT OF WAGES—Such a writ would order your employer to begin withholding from your wages the amount left over after deducting what is lawfully required and after exempting money that may not be garnished.
   Exemptions from garnishment—
   (1) the greater of: (a) 75 percent of the disposable wages due; OR (b) 30 times the federal minimum hourly wages under the Fair Labor Standards Act in effect at the time the wages are due; AND (2) any medical insurance payment deducted from an employee's wages by the employer. Other federal exemptions may be available. Disposable wages means the part of wages that remain after deduction of any amount required to be withheld by law. Finally, should you become the Judgment Debtor you should know that judgment is public information and anyone may request a copy of it.
   To Plaintiff: If the Court enters a judgment for a sum certain, you have a right to obtain a lien on real property.

DC/CV 1 (back) (Rev. 4/2008)

IN THE DISTRICT COURT OF MARYLAND
FOR BALTIMORE COUNTY

EDITH WATKINS
7422 ROCKRIDGE ROAD
PIKESVILLE, MD 21208

      Plaintiff,

v.

TRANSUNION, LLC
P.O. Box 2000
CHESTER, PA 19022-2000

      Defendant.

Judge:

Case No.:

JURY TRIAL DEMANDED

## COMPLAINT

NOW COMES the defendant pro-se, EDITH WATKINS, and avers the following:

1. The defendant has reported false erroneous and fictitious information about me that has been dispersed nationwide (Exhibit-A).

2. The defendant after being notified that said information was in fact false and reporting in error did nothing to correct their false reporting on my credit profile(s).

3. The defendant's inaccurate reporting of **AVELO MORTGAGE LLC #100436070** has caused plaintiff financial injuries in that same has been denied credit on numerous occassions as a result of the information being furnished nationwide in error, subjecting plaintiff to higher interest rates and forcing plaintiff to provide larger down payments as well.

4. The defendant has failed to provide any legal or factual proof by affidavit to the plaintiff of the alleged information being reported.

5. The defendant has submitted the following information about plaintiff in the State of

Maryland, giving this Court jurisdiction over same.

## CLAIM #1 PERSONAL & FINANCIAL INJURY

Per the FACTS set forth in paragraphs 1-5, the defendant has perpetrated a tort of personal as well as financial injuries to the plaintiff in this case. 50 Am Jur. 2d Libel & Slander §155 & §256 hold that parties affected by false and erroneous reports constitute liability for the libel and slander dispersed abroad.

## CLAIM #2 FALSE & MISLEADING INFORMATION

Personal injury on the plaintiff by false & misleading information. See **Koropoulous v. Credit Bureau, Inc.**, 734 F2d 37 (D.C. 1987), where the court held, "Credit reports containing factually correct information that nonetheless mislead their readers are neither maximally accurate within the meaning of Fair Credit Reporting Act nor fair to consumers who are subject of report." Also, **Henson v. CSC Credit Services**, 29 F3d 280 (7th Cir. 1994) where the court held, "Credit reporting agency that negligently violates Fair Credit Reporting Act (FCRA) is potentially liable for ACTUAL DAMAGES, costs and attorney fees." Finally, in **Spence v. TRW, INC.**, 92 F3d 380 (6th Cir. 1996), the court held, "Showing on INACCURACY is essential element of CLAIM under Fair Credit Reporting Act." Please see plaintiff's **EXHIBIT-A** as MATERIAL EVIDENCE to substantiate CLAIM(S) of "inaccuracy of credit report."

## CLAIM #3 CRA'S & FURNISHER'S LIABILITY FOR DAMAGES

A. Per the FACTS set forth in ¶1-5, the defendant has perpetrated a tort of liability against the plaintiff in this case. 15 USCS §1682e(b), "to establish LIABILITY against the defendant in this case under 15 USCS §1681e(b), consumer need not introduce direct evidence of unreasonableness of procedures, but in certain instances, " … INACCURATE CREDIT REPORTS BY THEMSELVES can fairly be read as evidencing unreasonable procedures."

See <u>Parker v. Parker</u>, (2000 MD Ala) 124 F. Supp. 1216 and <u>Ruffin-Thompkins v. EXPERIAN INFORMATION SOLUTIONS, INC.</u>,(2003 ND Ill) 2003 U.S. Dist. LEXIS 23647. See <u>EXHIBIT-A</u>, plaintiff's personal credit profile with defendant's false derogatory information posting.

### CLAIM #4 MALICIOUS & WILLFUL INTENT TO INJURE

A. Per the FACTS set forth in paragraphs 1-5, the defendant, after being notified that said information was false & misleading, continued to disperse same that made said actions now to be calculated, wanton & malicious. See <u>REED v. EXPERIAN, INC.</u>,(2004 DC Minn) 321 F. Supp. 1109. Also, see <u>Graham v. CSC Credit Services, Inc.</u> (2004 DC Minn) 306 F. Supp. 873.

### CLAIM #5 JURISDICTION OF COURTS

A. Per the FACTS set forth in paragraphs 1-5, the defendant, by submitting this inaccurate information into plaintiff's resident state, does grant jurisdiction over this "controversy" to this Honorable Court per 15 USC §1681p. - Jurisdiction.

### STATEMENT OF FACTS

For months the plaintiff has written letters to the defendant alerting them to the false and erroneous information being disseminated across the nation in error. The defendant has done nothing but lie and claim they have "verified" the accuracy of the account being 30-days late when in fact no one from TransUnion, LLC ever notified AVELO MORTGAGE, LLC concerning Account #100436070 at (877) 882-8356 because LITTON LOAN SERVICING took over AVELO MORTGAGE, LLC's business in July of 2008. So it was not possible for the defendant, who lied, to have "verified" the accuracy of the account in question. Because of all of the denials of credit and money plaintiff has lost, plaintiff is seeking the following:

## RELIEF

A. Plaintiff requests injunctive relief ordering the defendant to correct plaintiff's credit profile(s) as identified in Exh-A, i.e.. credit report(s).

B. All expenses and any other relief this Court deems just.

C. JURY TRIAL FOR DAMAGES.

D. $25,000 in actual damages and $250,000 in punitive damages.

Respectfully submitted,

*Edith Watkins*
Edith Watkins

## CERTIFICATE OF SERVICE

I, Edith Watkins do HEREBY certify that (1) true and correct copy of the foregoing dispositive motion was mailed U.S. First Class Postage prepaid to: TransUnion, LLC's Resident Agent, c/o The Prentice-Hall Corporation, 2711 Centerville Road, Ste 400, Wilmington, DE 19808.

Dated: February _____, 2010          Respectfully submitted,

*Edith Watkins*
EdithWatkins, pro se
7422 Rockridge Road
Pikesville, Maryland 21208-5736