```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND
```

EDITH WATKINS                 *
                              *
                              *
v.                            *    Civil Action No. WMN-10-838
                              *
TRANS UNION LLC               *
                              *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## **MEMORANDUM**

Plaintiff filed this action on or about February 16, 2010, in the state district court.  Defendant removed the action to this Court shortly thereafter.  On July 30, 2010, Defendant served interrogatories and a request for production of documents on Plaintiff.  Plaintiff has yet to respond to these discovery requests in any manner.  On August 2, 2010, Defendant served a notice of deposition of Plaintiff, at Plaintiff's home address, to take place on August 19, 2010.  Plaintiff did not appear for deposition or seek an extension.  Defendant's counsel attempted to coordinate this deposition with Plaintiff by placing several telephone calls to her and leaving voicemail messages before the deposition was noticed, during the attempted deposition of Plaintiff, and after Plaintiff failed to appear.  Plaintifff did not return those calls.

In response to a letter from Defendant's counsel recounting the difficulties in obtaining any discovery from Plaintiff, the Court entered an order on September 3, 2010, requiring that

Plaintiff appear for her deposition.  The Court warned that her failure to do so could result in the dismissal of her case.  ECF No. 16.  After the issuance of that order, counsel for Defendant attempted numerous communications with Plaintiff to reschedule her deposition, including telephone calls and letters sent by FedEx and U.S. mail, to no avail.  Now before the Court is Defendant's motion for sanctions seeking dismissal of Plaintiff's action based upon her complete failure to cooperate in discovery.  ECF No. 18.

Under Rule 37, a plaintiff's case can be dismissed if the plaintiff "fails to obey an order to provide or permit discovery . . . ."  Fed. R. Civ. P. 37(b)(2)(A)(v).  Rule 37 also provides that a case can be dismissed if a party . . . fails, after being served with proper notice, to appear for that party's deposition.  Fed. R. Civ. P. 37(d)(1)(A)(i) and (d)(3).  In determining if the sanction of dismissal is appropriate in a given situation, courts look to the following factors:

> (1) whether the noncomplying party acted in bad faith;
> (2) the amount of prejudice [her] noncompliance caused [her] adversary, which necessarily includes an inquiry into the materiality of the evidence [she] failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Mut. Fed. Sav. & Loan Ass'n v. Richards Assoc., 872 F.2d 88, 92 (4th Cir. 1989).  Additionally, before dismissing a case with prejudice, the district court must give the noncomplying party

2

an "explicit and clear" warning of the consequences of failing to satisfy the court's conditions and orders.  <u>Malhotra v. KCI Technologies, Inc.</u>, 240 Fed. App'x 588, 590 (4th Cir. 2007).

Here, Plaintiff was explicitly warned that her failure to appear for her deposition could lead to the dismissal of her claim.  The prejudice to Defendant of going forward with no discovery whatsoever from Plaintiff is readily apparent.  Furthermore, Plaintiff's failure to initiate any communication with the Court renders it impossible to discern whether she is acting in bad faith or whether less drastic sanctions might be effectual.  Accordingly, the Court finds that the sanction of dismissal is warranted.  A separate order will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge


DATED:   November 29, 2010